**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GABRIEL GREEN,

Plaintiff,

v. No. CIV 07-1282 JB/LFG

STATE OF N.M. PAROL [sic] BOARD,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff Gabriel Green's civil rights Complaint. Green is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights action is $350.00. Green is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about the Plaintiff's financial status, the Court finds that Green is unable to pay an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP motion, and, for the reasons stated below, will dismiss the Green's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Green's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that, while Green was on state parole, he was falsely charged with residential breaking and entering, thereby violating conditions of his parole. A parole-board hearing officer revoked Green's parole, and he has been incarcerated since November, 2007. On December 5, 2007, the breaking-and-entering charges were dismissed. Green contends that he should have been released when the charges were dismissed. He remains incarcerated, and the Complaint seeks damages for lost wages and false imprisonment.

No relief is available on Green's damages claim for imprisonment upon revocation of his parole. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[*Heck v. Humphrey*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). *See Mueller v. Wark*, No. No. 97-3348, 1998 WL 614464, at *1 (10th Cir. Sept. 8, 1998).[1] The complaint does not allege that Green's parole revocation has been set aside, *see Heck v. Humphrey*, 512 U.S. 486-87, and thus his allegations of false imprisonment fail to state a claim cognizable

[1] Green's § 1983 Complaint does not allege that he was subjected to "constitutionally defective parole procedures." *Herrera v. Keating*, No. 97-6078, 1997 WL 687695 at *1 (Sept. 30, 1997). *See French v. Adams County Detention Center*, 397 F.3d 1158, 1160 (10th Cir. 2004); *Wilkinson v. Dotson*, 544 U.S. 74, 89 (2005) (affirming Sixth Circuit's ruling that § 1983 is available to challenge the "state procedures used" in parole proceedings).

under § 1983, *see Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001). But *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns conviction may then bring a § 1983 action). The Court will dismiss the Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is granted, and the initial partial payment is waived;

**IT IS FURTHER ORDERED** that the Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to the Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide the Plaintiff with two copies of the post-filing financial certificate, and the Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint is dismissed without prejudice; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered.

UNITED STATES DISTRICT JUDGE